UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RONNIE HANKINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:13CV1999 HEA ) |
| TERRY RUSSELL, et al., | ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

Before the Court is defendant Terry Russell's motion to dismiss plaintiff's official capacity claims against him, brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  Defendant's motion to dismiss will be denied.

### Factual Background

Plaintiff filed this action in October of 2013, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at Eastern Reception, Diagnostic and Correctional Center ("ERDCC").  In his complaint, plaintiff makes allegations against defendants Terry Russell (Warden), Corizon, Inc. (Medical Service Provider), Tonya Long (Dentist), Marvin Bohnenkamp (Dentist) and Mark Bradshaw (Dentist).

Plaintiff states that he was denied proper dental care for a period of six years as a result of a combination of defendants' personal bad acts and deliberate

indifference to his serious medical needs, as well as their reliance on unconstitutional "customs, practices and policies." Plaintiff further asserts that defendant Russell failed to train and properly supervise defendants regarding plaintiff's need for dental services. Plaintiff also brings this action against Corizon, Inc., asserting that they were acting according to an unconstitutional policy in denying proper dental care.

In the instant motion before the Court, defendant Terry Russell, Warden at ERDCC, moves to dismiss plaintiff's official capacity claims against him.

## Legal Standard

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the legal sufficiency of a complaint so as to eliminate claims "which are fatally flawed in their legal premises ... thereby sparing litigants the burden of unnecessary pretrial and trial activity." Young v. City of St. Charles, 244 F.3d 623, 627 (8th Cir.2001) (citing Neitzke v. Williams, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)). To survive a motion to dismiss for failure to state a claim, a complaint need not contain "detailed factual allegations," but it must contain facts with enough specificity "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). As the United States Supreme Court reiterated in

Ashcroft v. Iqbal, 556 U.S. 662, 677-78, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly.

## Discussion

Because this case is before the Court on a motion to dismiss, the Court assumes all facts alleged in the complaint as true. Eckert v. Titan Tire Corp., 514 F.3d 801, 806 (8th Cir. 2008). At this stage of the litigation, the Court finds that plaintiff's allegations against defendant Russell in his official capacity are sufficient to withstand defendant Russell's motion to dismiss.

Defendant Russell moves to dismiss the allegations against him in his official capacity, asserting that naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." Id. As a result, defendant Russell claims that plaintiff's claims against him in his official capacity cannot survive.

Plaintiff asserts that, in addition to his individual claims against defendant Russell, he has alleged a custom or policy claim against defendant Russell, as well as a claim against him for failing to properly supervise, direct or control the actions

of the subordinates under him.  See Pearl v. Dobbs, 649 F.2d 608, 609 (8th Cir. 1981).

Under a failure to train theory, a defendant may be liable for deficient policies for training and supervising another defendant if (1) he had notice of the inadequacies, (2) his failure to train in a relevant respect evidences a deliberate indifference to the rights of others, and (3) the alleged deficiency in training procedures actually caused plaintiff's injuries. See City of Canton v. Harris, 489 U.S. 378, 390 (1989); Larson by Larson v. Miller, 76 F.3d 1446, 1454 (8th Cir.1996).

Under a "policy" or "custom" theory, an official may be liable for an official policy, or an unofficial "custom" which caused a persistent widespread pattern of unconstitutional conduct of which officials had notice and subsequently reacted with deliberate indifference or tacit authorization. Mettler v Whitledge, 165 F.3d 1197, 1204 (8th Cir. 1999).

In several places in his complaint, plaintiff asserts that defendant Terry Russell acted personally, as well as, pursuant to either a "policy, practice or custom," and "refus[ed] and/or delay[ed] providing serious necessary medical treatment" to plaintiff with regard to his dental needs.  Plaintiff also asserts in his factual allegations the times he went to defendant Russell seeking review of the

-4-

denial of treatment, whether through personal conversations or through the IRR and grievance process, defendant Russell was acting in supervisory authority when he failed to intervene with the actions of the other defendants when they told plaintiff that the denial of medical treatment was being done "per policy."

The Court finds that the aforementioned facts adequately allege both failure to supervise and unconstitutional policy/custom claims.  As such, the Court must deny defendant Russell's motion to dismiss his official capacity claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. #18] is **DENIED**.

Dated this 16th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE